**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

OSHER ROTKIN,                                  Civil Action No.:

                         Plaintiff,

                                                        **COMPLAINT FOR VIOLATIONS**
       -against-                                       **OF THE TELEPHONE**
                                                        **CONSUMER PROTECTION ACT**

CITIBANK, N.A.

                        Defendants.

-------------------------------------------------------------------X

      Plaintiff, OSHER ROTKIN ("Plaintiffs"), by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant, CITIBANK, N.A., (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

    2.    Plaintiff OSHER ROTKIN is a resident of the State of New Jersey, residing at 1 Kedma Drive, Lakewood, New Jersey 08701.

3. Defendant CITIBANK, N.A. is an NEW YORK corporation with an address located at 399 PARK AVENUE NEW YORK, NY 10022.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about July 12th 2016, Defendant began communicating with Plaintiff by means of autodialed telephone calls and text messages to the Plaintiff's mobile telephone numbers of 848-238-4970, 848-238-4973 and 848-299-7971. The Plaintiff was receiving the calls on his cell phones in reference to his wife's account.

8. From July 12th 2016 to August 8th 2016 the Plaintiff received at least 100 such phone calls from Defendant. From August 2nd 2016 and August 8th 2016 the Plaintiff received at least 76 texts from Defendant. This prompted the Plaintiff to place a call to the Defendant.

9. On August 12th 2016 the Plaintiff called into the Defendant and connected with female representative who stated her name as "Anna".

24. The representative asked the Plaintiff for his account number, name, and to verify the password on the account.

25. The Plaintiff was able to give the representative the account number and his name but the Plaintiff informed her that he did not have the password since it was his wife's account.

26. The representative stated "You're not the account holder ".

27. The Plaintiff agreed and the representative asked what he was calling about today.

28. The Plaintiff stated that he did not want to be called regarding his wife's account by autodialer or text on all his phones and proceeded to give the representative all of his cell phone numbers.

29. The representative then asked him if he would like to update those numbers.

30. The Plaintiff restated do not call him with autodialer or text.

31. The representative then stated he would need to have his wife call in since they cannot remove anything from her account.

32. At this point the Plaintiff just thanked her and the call was concluded.

33. After the conclusion of the phone call the Defendant still continued to place autodialed phone calls and texts to the Plaintiff's cell phones. From August 13th 2016 to February 19th 2017 he received 1202 additional calls. From Aug 13th 2016 to March 5th 2017 he received 3043 additional texts, making in total approximately 3119 texts and 1302 calls made since July 12th 2016. In addition, Defendant left 20 voicemails on the Plaintiff's cellular phones.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

36. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

37. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both

text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

38. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

39. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For damages provided and pursuant to 47 U.S.C. 227 et.seq;

B. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

C. A declaration that the Defendant's practices violated the TCPA;

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   May 15, 2017

Respectfully submitted,

_____
EDWARD B. GELLER, ESQ.

TO

EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL: (914)473-6783

*Attorney for the Plaintiff* OSHER ROTKIN

To:   CITIBANK
      399 PARK AVENUE
      NEW YORK, NY 10022
      *(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
*(Via Electronic Court Filing)*